UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

AT BALTIMORE

FEB 1 4 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TYRONE JAMISON | ) | |
| Petitioner | ) | CIVIL No:. |
| VS. | ) | |
| | ) | CRIMINAL No:. |
| UNITED STATES OF AMERICA | ) | 1:17-CR-00223-GLR-4 |
| Respondent | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF §2255

COME NOW; The petitioner Tyrone Jamison in Pro Se, as a layman of the Law and respectfully requests that this Court consider his arguments to the strongest merits.

## ARGUMENT

(1)   Petitioner asserts that Counsel was ineffective for failing to File a Notice Of appeal as directed. Inlight of Garza v. Idaho, 139 S.Ct. 738 (Feb.2019), Petitioner is entitled to an appeal regardless of a waiver. Petitioner has directed Counsel to file a appeal prior to and after sentencing. Defense Counsel never Filed a Appeal as asserted.

(2)   Counsel was ineffective for failing to investigate Criminal History, pursuant to Rompilla v. beard, 545 U.S. 374,125 S.Ct. 2456,162 L.Ed. 2d 360 (2005) (in which lawyers failed their client because they did not discover Mitigating Evidence in... Criminal Records... ). (In Glenn v. Tate, 71 F.ed 1204, 1207-08 (6th Cir. 1995); and Austin v. Bell8, 126 F. 3d 843, 848-49 (6th Cir. 1997) " to find a lawyer ineffective when he failed to investigate or present mitigating evidence despite the availability and willing-ness of several relatives and friends". Counsel performance there was not "strategic decision, but rather an abdication of advocay."

1/2

Defense Counsel had a duty to correct errors of criminal history
and any issues concerning a active warrant or the mentioning
of a active warrant.or the

(3)   Counsel was ineffective by allowing the use of non-certified
judgements, which enhanced petitioner sentence. In support of
petitioner's position see, U.S.S.G. §6A1.3(a) "...the Court may
consider relevant information... provided that the information
has sufficient indicia of reliability to support its probable
accuracy." Several Coses in our Sister Circuits provide that
a conviction is proper because of a certified copy of judgments.
See relevant cases:
    United States v. Cook, 13 Fed. appx.331,341 (6th Cir.2001)
    United States v. Crowell, 493 F.3d 744,749 (6th Cir.2007)
    United States v. Cervantes-Anguinaga, 135 Fed. App'x 914 (9th
Cir,2005) (holding that a "rap sheet" was not admissable as proof
of a defendant's criminal history)
    United States v. Barry, 814 F.2d at 1404 n.7 (9th Cir.1987)

### *CONCLUSION*

WHEREFORE NOW: The petitioner Moves this Court to vacate and
Remand and Appoint Counsel to file Notice Of Appeal.   Petitioner
further requests the production of Discovery and Transcripts
and to hold a Hearing on the Merits.

Respectfully Submitted;

/s/ _Tyume Jamison_

Tyrone Jamison, Pro Se
Reg; 63041-037

FCI Beckley
P.O. BOX  350
Beaver, West Virginia 25813

EXECUTED: Feb. 4, 2020